LENA GILLMAN ET AL. v. THE TOWN OF BLOOMFIELD
ET AL.

Argued February Term, 1909—Decided July 17, 1909.

Abutting property owners may be assessed for a street improvement although the improvement does not follow the lines of the street as laid out, if they have acquiesced in the improvement upon the lines actually followed.

On *certiorari.*

Before Justice SWAYZE.

For the prosecutors, *Alexander P. Maxwell* and *Joseph L. Munn.*

For the defendants, *Chandler W. Riker* (*Riker & Riker* on brief).

The opinion of the court was delivered by

SWAYZE, J. As far as concerns the ordinance for the grading of Myrtle avenue, I am precluded from considering the objection by section 72 of the Town act (*Gen. Stat., p.* 3542, *pl.* 223), since the *certiorari* was allowed after the contract had been awarded. If my attention had been called to the fact that the writ removed the ordinance, I should have vacated the *allocatur* in that respect. The same section would apply to the *certiorari* to remove the assessment, but for the allegation that the whole proceeding after the passage of the ordinance was beyond the jurisdiction of the town authorities for the reason that the street which was improved was a different street from that mentioned in the ordinance. I express no opinion upon the question whether section 72 of the Town act applies, for the reason that the meritorious question in the case was fully argued, and my view makes it unnecessary to decide the question whether the prosecutors' right to relief is barred.

The meritorious question is whether the prosecutors can be assessed for the grading of a street called Myrtle avenue, which does not correspond exactly with an old road laid out by surveyors, but had come to be known by the name, when the petition for the improvement refers to the street proposed to be improved as a public road already laid out.

The evidence satisfies me that the improved street does in fact vary from the lines of the old road, and I incline to think the witnesses are right who make this variance as much as one hundred feet at the extreme point. All of the prosecutors, however, knew of the line on which the street was to be improved and made no objection on that ground. They acquiesced in the improvement upon the lines which were actually followed. I think that after the town has spent the money, it does not lie in the mouth of the prosecutors to object on this ground. The only difficulty I have had has been with the question whether the prosecutors could be assessed for the improvement in case the land was private property and not a public road. It would be hard to say that landowners should be assessed for benefits if the owners of the land which was taken had still the title and could exclude the public from the improved street. The facts, however, are such that this difficulty disappears. The variance from the lines of the old road is through the lands of Payne, Gillman and Hummell. Payne assisted in finding a monument from which the new survey was run and sought and obtained, from the contractor, top soil from the road as improved, and subsequently conveyed to the Alpha Investment Company by a deed which recognized Myrtle avenue as graded as a monument. Gillman knew of the proposed location, and when she made objection to the making of the same, put her objection on an entirely different ground. After the grading was completed, she conveyed part of her land to Gilbert by a deed, which adopted Myrtle avenue as graded as a monument and conveyed "subject to the rights of the town of Bloomfield, in Myrtle avenue for public purposes, if any said town has." Gilbert conveyed a portion of the tract so conveyed by a deed,

which adopted as a monument Myrtle avenue as now opened and now monumented. Hummell was taken over the proposed line of the improvement, knew where it was to be and raised no objection. These facts suffice to effect a dedication as against all the landowners through whose land the line of the street as graded runs, under the rule of *Smith* v. *State,* 3 *Zab.* 712. *Kiernan* v. *Jersey City,* 11 *Vroom* 483, and *O'Brien* v. *King,* 20 *Id.* 79, are illustrations of the application of the rule. In the words of Justice Lippincott in *New York and Long Branch Railway Co.* v. *South Amboy,* 28 *Id.* 252, 258, there has been an actual enjoyment by the public of the use for such length of time that the public accommodation would be materially affected by a denial or interruption of enjoyment.

Another consideration leads to sustaining the assessments against Payne. His deed to the Alpha Investment Company, made after this assessment was confirmed, conveyed "subject to assessment for changing and grading Myrtle avenue." He thus recognized the changed line of the avenue and the existence of the assessment.

It is suggested also on behalf of Gilbert that she is not assessable because her land does not abut on Myrtle avenue as graded, since the old road lies between. Such is not the fact. Her grantor, Gillman, owned on both sides of the old as well as of the new road, and therefore had the fee subject to the public easement. She conveyed to Gilbert bounding on the new road. But even if she had conveyed bounding on the old road, Gilbert would have owned to the centre of that road, which for a part of the distance would carry her to the line of the new road, and there is nothing to show that the assessment exceeds the benefits even under that aspect of the case.

The assessment must therefore be affirmed, with costs.